IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TODD ELLIOTT KOGER | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 10-1466 |
| | ) | |
| v. | ) | |
| | ) | |
| ALLEGHENY COUNTY INTERMEDIATE UNIT, et al | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                              April 27, 2011

This is an employment discrimination action. Plaintiff Todd Elliott Koger, acting pro se and in forma pauperis alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 and 1983, and the Lilly Ledbetter Fair Pay Act, as well as related state law claims on the basis of his race. Koger claims that he received training in a program sponsored by the Allegheny Intermediate Unit that qualified him to be a substitute teacher. He then contends that the Allegheny Intermediate Unit offered him a job in the Duquesne City School District specifically because he is black. He contends that he was offered a position as a "day-to-day" substitute teacher rather than a "long-term" substitute, which pays more and has better benefits. He asserts that this inferior placement was due to his race, and that neither the local union, the

Duquesne City Educational Association, nor its state affiliate, the Pennsylvania State Educational Association, would agree to assist him in grieving the matter. He further contends that when he complained about these issues, he was terminated in retaliation, and that the Allegheny Intermediate Unit, also in retaliation, then refused to refer him for future employment opportunities. He has brought suit against all four entities and Mary Beth Colvill, Barbara McDonnell, Daniel Carey and Stanley Whiteman, who are employees of those entities.

The various defendants have filed motions to dismiss, some partial, some in _toto_. Some of the defendants have moved, in the alternative, for summary judgment.[1] They argue, _inter alia_, that Koger has not adequately plead racial animus with respect to any of the decisions made about his employment and that he was hired as a day-to-day substitute and thus not a qualified member of the collective bargaining unit governing teachers in his district, which would prevent the union from acting as his representative.

For the reasons that follow, we will deny the motions to dismiss.

---

[1] The court declines to consider any of the alternative motions for summary judgment.

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, plaintiff must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555)); see also Santiago v. Warminster Tp., 629 F.3d 121 (3d Cir. 2010). The court may also reject factual claims that are contradicted by documents integral to the pleadings. ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In short, the motion to dismiss should not be granted if plaintiff alleges facts which could, if established at trial, entitle him to relief. Id. at 563 n.8.

It is on this standard that the court has reviewed defendants' motions. The court concludes that it is premature to dismiss any of Koger's claims at this stage without the benefit of discovery. Accordingly, defendants' motions to dismiss are denied without prejudice to reassert these issues under Federal Rule of Civil Procedure 56 on a fully developed record.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TODD ELLIOTT KOGER )
 )
        Plaintiff, )   Civil Action No. 10-1466
 )
v. )
 )
 )
ALLEGHENY COUNTY INTERMEDIATE )
UNIT, et al )
 )
        Defendants. )

ORDER

AND NOW, this 27th day of April 2011, upon consideration of defendants' motions to dismiss, [Doc. Nos. 18, 22, 24, 30 and 35], and briefs submitted by all parties, IT IS HEREBY ORDERED that defendants' motions are DENIED without prejudice.

IT IS FURTHER ORDRED that plaintiff's motion for judgment on the pleadings [Doc. No. 20] is DENIED.

IT IS FURTHER ORDERED that defendants' motions to strike [Doc. Nos. 32 and 37] are DENIED as moot.

BY THE COURT:

_____, C.J.

cc: All Parties of Record