IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TODD ELLIOTT KOGER,           )
                              )
            Plaintiff,        )
                              )
      v.                      ) Civil Action No. 10-1466
                              )
                              )
ALLEGHENY INTERMEDIATE UNIT,  )
  et al.,                     )
                              )
            Defendants.       )

MEMORANDUM

Gary L. Lancaster,                               July 27, 2011
Chief Judge.

This is an employment discrimination action. The School Defendants have filed a motion to compel Koger to comply with a Notice of Deposition [doc. no. 65]. Movants seek an order extending discovery for a period of forty-five (45) days "to reschedule [Koger's] deposition and to further attempt to conciliate other discovery matters." Id. at ¶ 9. For the following reasons, the motion will be granted, in part.

The School Defendants served a Notice of Deposition on July 13, 2011 scheduling Koger's deposition for July 21, 2011. Discovery is scheduled to close on July 29, 2011. Thus, the School Defendants waited until the end of the three month discovery period to schedule Koger's deposition. In addition, the School Defendants tested the limits of "reasonable written

notice" by sending the notice only five business days before the deposition was scheduled. Fed. R. Civ. P. 30(b)(1). Moreover, the notice itself contained a typographical error reflecting that the deposition would begin at 10:00 p.m., instead of 10:00 a.m. as stated in the cover letter and e-mail communication.

Instead of contacting counsel to clarify the time of the deposition given the conflict, or to reschedule the deposition for a more convenient time, Koger mockingly appeared at the offices of Andrews & Price at 10:00 p.m. on July 21, 2011 for his deposition, apparently believing that he could avoid his discovery obligations by forcing expiration of the discovery deadline before his deposition could be taken. Although Koger is not an attorney, he nevertheless has an obligation to cooperate in the discovery process and to afford professional courtesies to his adversaries. Just as we would not allow an attorney to engage in such trickery, we will not permit a pro se plaintiff to do so.

What Koger's appearance at the location of the deposition on July 21, 2011 at 10:00 p.m. makes clear is that Koger considered five days' notice to be sufficient to arrange his attendance. Therefore, the School Defendants issued a Notice of Deposition before the end of the discovery period and with sufficient notice to the deponent. As a result, we will permit

the School Defendants to conduct that deposition. The School Defendants are directed to contact Koger to schedule the time and place of that deposition, which shall be completed within twenty one (21) days of the entry of this order on the court's docket. Failure of Koger to participate in the scheduling process, or to appear at the scheduled deposition, will result in sanctions, up to and including dismissal of this action. All deadlines established in the April 28, 2011 Case Management Order, except the date on which Fact Discovery ends, and the date of the Pretrial Conference, Jury Selection, and Trial, shall be extended by fourteen (14) days.

The discovery period is not otherwise extended. Counsel has made no showing that "further attempts to conciliate other discovery matters" could not have been made before the close of fact discovery. Pendency of a motion to extend a deadline does not, in fact, extend the deadline. As such, any discovery motions, other than those related solely to the yet to be conducted deposition of Koger, must be filed before the end of fact discovery.

An appropriate order will be filed contemporaneously with this memorandum.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TODD ELLIOTT KOGER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 10-1466 |
| ALLEGHENY INTERMEDIATE UNIT, et al., | ) ) ) ) |
| Defendants. | ) |

ORDER

AND NOW, this 27th day of July 2011, IT IS HEREBY ORDERED that the School Defendant's Motion to Compel [doc. no. 65] is GRANTED, in part. The School Defendants are permitted to take the deposition of Koger within twenty-one (21) days of the entry of this order on the docket. All deadlines established in the court's April 28, 2011 Case Management Order shall be extended by fourteen (14) days, except the date on which Fact Discovery ends and the date of the Pretrial Conference, Jury Selection, and Trial.

BY THE COURT:

_____ C.J.

cc: All Counsel of Record